**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CHRISTOPHER ROLLER,

Plaintiff,

**MEMORANDUM OF LAW & ORDER**

v.  Civil File No. 05-1297 (MJD/AJB)

GE MEDICAL SYSTEMS INFORMATION
TECHNOLOGIES, INC.,

Defendant.

_____

Christopher Roller, pro se.

Judith A. Williams-Killackey, Quarles & Brady LLP, Counsel for Defendant.

_____

**I.   INTRODUCTION**

This matter is before the Court on Defendant GE Medical Systems Information Technologies, Inc.'s Motion to Dismiss for failure to state a claim based on the applicable statute of limitations.  [Docket No. 3]

**II.   BACKGROUND**

Plaintiff Christopher Roller was an employee for Defendant GE Medical Systems Information Technologies, Inc. ("GEMS IT").  According to Roller's Complaint, GEMS IT dismissed him on February 18, 2002, and this decision was

based on his mental illness.

The parties disagree regarding the effective date of termination. Roller's Complaint alleges that he was dismissed on February 18, 2002. GEMS IT submits the affidavit of Roller's supervisor, averring that Roller went on leave on February 18, 2002, and resigned his employment effective July 26, 2002. (Moore Aff. ¶¶ 7-8.) GEMS IT also submits a Separation Agreement & Release signed by Roller on April 24, 2002, stating that "the Employee shall be terminated from the Company effective 26 April 2002," though he will continue to be paid through July 26, 2002. (Moore Aff., Ex. A.)

Roller initiated a lawsuit against GEMS IT in Dakota County District Court in June 2005, alleging discrimination for mental illness causing pain, suffering, and the loss of his job. On June 30, 2005, GEMS IT removed the case to this Court based on diversity jurisdiction.

GEMS IT now brings this Motion to Dismiss, stating that Roller fails to state a claim because the statute of limitations bars his lawsuit. Roller responds that any applicable statute of limitations had been tolled due to his mental disability.

## III. DISCUSSION

Because Roller's Complaint fails to reference a statute upon which his discrimination claim is based, GEMS IT presents three possibilities: the Americans with Disabilities Act ("ADA"), the South Dakota Human Rights Act ("SDHRA"),

and the Minnesota Human Rights Act ("MHRA").  Roller admits that he was not an "employee" for purposes of the MHRA because he lived and worked in South Dakota.  Minn. Stat. § 363A.03, subd. 15.  Additionally in his surreply, Roller agrees that his claims do not satisfy the ADA or the MHRA.  Instead, he argues that he is suing solely under the SDHRA.  Thus, the Court interprets Roller's claim as one under the SDHRA.

### A.   Standard of Review

The Court should grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997) (citation omitted).  "In considering a motion to dismiss, the court must construe the complaint liberally and assume all factual allegations to be true."  WMX Tech., Inc. v. Gasconade County, Mo., 105 F.3d 1195, 1198 (8th Cir. 1997) (citation omitted).  When the statute of limitations is at issue, dismissal is proper only if it appears from the face of the complaint that the limitation period has run and the complaint contains no facts to toll that running.  Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004); N.W. Pub. Serv. v. Union Carbide Corp., 115 F. Supp. 2d 1164, 1171 (D.S.D. 2000).

In their memoranda, both Roller and GEMS IT refer to facts outside of the Complaint, but GEMS IT also explicitly states that it does not want the Court to

convert this motion into one for summary judgment.  Therefore, the Court will not consider matters outside of the pleadings.  Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002).  However, a court may consider certain outside materials, such as matters of public record, materials that do not contradict the complaint, and materials that are necessarily embraced by the pleadings, without converting the motion into one for summary judgment.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

In support of Defendant's Memorandum of Law in Support of Its Motion to Dismiss, GEMS IT submits a Separation Agreement and Release signed by Roller.  It also submits the Affidavit of Robert Moore, which summarizes the dates of Roller's employment and relies on the Separation Agreement.  The Separation Agreement constitutes a matter outside the pleadings because its "significance is disputed."  BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003).  Roller asserts that the Separation Agreement is unenforceable because he was legally disabled from mental illness when he signed it.  Additionally, GEMS IT provided this disputed document to contradict Roller's allegations in the pleadings.  Id.  The Court concludes that the Separation Agreement and the Affidavit relying on that Agreement are not embraced by the pleadings.  Therefore, in deciding this motion to dismiss, the Court will disregard these documents, as well as all other facts not alleged in the pleadings.

**B.    SDHRA Statute of Limitations**

An employee has 180 days after the alleged discriminatory or unfair practice occurred to file a charge under the SDHRA. S.D. Codified Laws § 20-13-31. According to Roller's Complaint, the discriminatory action occurred on February 18, 2002. Therefore, without tolling, the statute of limitations would have expired on August 16, 2002, 180 days after his dismissal.

Roller asserts that the Minnesota statute of limitations applies to his SDHRA claim because he is a resident of Minnesota. Minn. Stat. § 541.31. Section 541.31, which permits Minnesota residents to apply the longer Minnesota statute of limitations to their claims based on the statutes of other states, only applies to claims arising from incidents occurring on or after August 1, 2004. Minn. Stat. § 541.34. Roller asserts that his claim is based on his termination in 2002. Thus, section 541.31 does not apply to his claim, and the South Dakota statute of limitations does apply.

**C.    Tolling of the Statute of Limitations**

Roller argues that the statute of limitations was tolled due to his mental disability. The party who asserts the applicability of tolling bears the burden of pleading circumstances that would make tolling appropriate. N.W. Pub. Serv. v. Union Carbide Corp., 115 F. Supp. 2d 1164, 1171 (D.S.D. 2000).

South Dakota law provides that if a plaintiff "was at the time the cause of

action accrued . . . mentally ill; the time of the person's disability is not a part of the time limited for the commencement of the action." S.D. Codified Laws § 15-2-22.  This period may not be extended for more than five years, or in any case one year after the disability ceases.  Id.  Still, "[n]o person can avail himself of a disability unless it existed when his right of action accrued."  S.D. Codified Laws § 15-2-23.  Therefore, the question is whether Roller was mentally ill when he was terminated and for the period of time until 180 days before he commenced this action.

Tolling applies when a plaintiff was mentally ill and could not "comprehend her legal rights and liabilities."  Merkwan v. Leckey, 376 N.W.2d 52, 53 (S.D. 1985).  When determining whether a plaintiff was mentally ill, courts examine whether the plaintiff "was not a danger to herself or others; . . . had sufficient understanding or capacity to make responsible decisions concerning herself; . . . had the capacity to meet the ordinary affairs of life; [had an unaffected] intelligence level . . . ; and . . . could comprehend her legal rights and liabilities, and manage her own business affairs and property."  Id.

In his Complaint, Roller alleges that, "months" after he was dismissed, he "went through about six months of suicidal thoughts, including a committed plan."  Roller also alleges that he was committed to a mental hospital in August 2000, and again in October 2004.  Pro se complaints are broadly construed.

Bracken v. Dormire, 247 F.3d 699, 703 (8th Cir. 2001).  Broadly construing Roller's Complaint, he alleges that he has been involuntarily committed to a mental hospital multiple times in the five years before filing the current lawsuit, has a mental illness, and endured six months of suicidal thoughts.  At this stage in the litigation, examining only the pleadings in the case, the Court concludes that Roller's Complaint sufficiently pleads facts to support tolling and survive a motion to dismiss.

    **D.**    **Exhaustion of Administrative Remedies**

Roller does not allege in his Complaint, or any of his memoranda, that he ever filed a discrimination claim with any administrative agency.  GEMS IT asserts that Roller's Complaint should be dismissed for failure to exhaust administrative remedies.

South Dakota law generally requires exhaustion of administrative remedies before a plaintiff can file a claim under the SDHRA.  Wiest v. Montana, 580 N.W.2d 613, 615 (S.D. 1998).  However, "[e]xhaustion is not required where a person, through no fault of his own, does not discover the purported wrong until after the time for application of administrative relief."  S.D. Bd. of Regents v. Heege, 428 N.W.2d 535, 539 (S.D. 1988) (citation omitted).  Because the Court determines that Roller's SDHRA claim was tolled by his mental disability, it has necessarily concluded that, through no fault of his own, he could not discover and

act on the alleged discrimination within the 180-day statute of limitations.  Thus, Roller's claim is not barred by failure to exhaust administrative remedies.

Roller has alleged facts in his Complaint that would support tolling due to his mental disability.  GEMS IT's motion to dismiss is denied.

**IT IS HEREBY ORDERED** that

Defendant GE Medical Systems Information Technologies, Inc.'s Motion to Dismiss [Docket No. 3] is **DENIED**.

Dated:   December 5, 2005              s / Michael J. Davis
                                       Judge Michael J. Davis
                                       United States District Court